UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

InRe:  Martha A. Kosky          Case No. 8:10-bk-02129-KRM
       137 Alpine Circle        Chapter 7
       Bradenton, Fl. 34208

## OBJECTION BY PARTY IN INTEREST
## TO CLAIMED EXEMPTION

ERNEST S. MARSHALL, is a party in interest in these proceedings and a creditor of the above named debtor, and says:

1. This is an objection under Rule 4003(b) objecting to property claimed as exempt, pursuant to 11 U.S.C., Section 522(d)(10)(D), in the amount of $13,424.00, shown on Schedule B-Personal Property, number 17 and Schedule C-Property, back child support due from ex-husband, filed in this case by the debtor.

2. Determination as to whether payment constitutes support, within the meaning of the bankruptcy statute, permitting the debtor to claim exemption, in her right to receive such support, if reasonably necessary for support of the debtor or dependant, should be made in accordance with the _same principles_ that are applied in deciding whether the award constitutes alimony, maintenance, or support, for debt dischargeability purposes. 11 U.S.C.A. Section 522(d)(10)(D), 523(a)(5). This determination must be made in accordance with Federal Bankruptcy law, based on all relevant facts and circumstances. InRe: _Sheffield_, 212 B.R. 1010 (Bkrtcy. M.D. Fla. 1997).

3. Factors that the bankruptcy court must consider in deciding whether payment constitutes support, in which this debtor

1.

may claim exemption , pursuant to the federal bankruptcy statute, are as follows:

(a) whether other parties obligation to make payment is subject to contingencies, such as death or remarriage; (In the instant case, this factor weighs against the debtor).

(b) whether payment was fashioned in order to balance disparate incomes of parties; (In the instant case, this factor also weighs against the debtor).

(c) whether payment is payable in installments or in lump sum;

(d) whether there are minor children involved in the parties marriage requiring support; (In the instant case, this factor clearly weighs against the debtor. Her child for whom support was being received is an adult and no longer a minor and not dependent upon the debtor).

(e) parties respective physical health and level of education; (In the instant case, this factor weighs against the debtor. The debtor holds a masters degree in teaching from the University of Tennessee and is gainfully employed, earning appriximately in excess of $30,000.00 a year, plus owns a jewelry making business).

(f) whether, in fact, there was need for support at the time of the circumstances of this particular case. In the instant case, this factor clearly weighs against the debtor. She was not in need of support since the child in question was an emancipated adult and not dependent on the debtor at the time of the filing of her Petition, or at the present time). In Re: Sheffield, (Supra).

4. In the instant case, the objection of the undersigned should be sustained. The funds claimed by the debtor, as an exemption, described above, should be turned over to the Trustee in the estate to satisfy the claims of creditors. The facts will show that the funds in question were not necessary to satisfy the debtors obligation to any minor child, "either present or during the future period of his minority". In Re: Palidora, 310 B.R. 164 (Bkrtcy. D. Ariz. 2004); Boston v. Gardner, ( In Re: Gardner, 365 F. 2d 242 (9th Cir. 1966).

5. The purpose behind exemptions in bankruptcy is not to provide a windfall for the debtor in this case, but rather, to protect the public from burdons of supporting a debtors destitute family. Obviously this does not apply to the debtor in this case. In Re: Hill, 163 B.R. 598 (Bkrtcy. N.D. Fl. 1994).

WHEREFORE, creditor, ERNEST S. MARSHALL, and party and interest, respectfully request this court to sustain this objection, and require that the debtor turn over to the Trustee in this estate, the sums claimed as an exemption described in this objection, to be used by the Trustee to pay the claims of the creditors and the expenses of this estate.

Respectfully submitted,

*Ernest S. Marshall*
Ernest S. Marshall
Creditor and party of interest
615 9th St. W.
Bradenton, Fl. 34205

## DATE, SIGNATURE AND CERTIFICATE OF SERVICE

Dated and signed, the below date by the undersigned. I hereby certify that a true copy of the foregoing has been furnished by (U.S. Mail/FAX/Hand Delivery/) to: Joseph B. Battaglia, Esquire, Attorney for Debtor, The Golden Law Group, 213 N. Parsons Ave., Brandon, Fl. 33510; Martha A. Kosky, Debtor, 137 Alpine Circle, Bradenton, Fl. 34208; Lauren P. Greene, Trustee, 13611 Park Boulevard, Suite H, Seminole, Fl. 33776, on this **26** day of May, 2010.

_Ernest S. Marshall_
Ernest S. Marshall, Esq.
615 9th St. W.
Bradenton, Fl. 34205
941-746-2151
FAX: 941-747-9621
FBN: 094896