UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:   Martha A. Kosky                Case No. 8:10-bk-02129-KRM
         137 Alpine Circle              Chapter 7
         Bradenton, Fl. 34208

OBJECTION BY PARTY IN INTEREST TO
DEBTORS CLAIM OF SUPER EXEMPTION

ERNEST S. MARSHALL is a party in interest in these proceedings and a creditor of the above named debtor, and says:

1. This is an objection (Rule 4003(b)), objecting to property claimed as exempt, pursuant to 11 U.S.C., and Florida Statute 222.25(4), in the amount of $4,000.00 shown on an Amended Schedule "C", property claimed as exempt in this cause, recently.

2. On June 28, 2010, this Court discharged the Debtor by Court Order, subject to a disposition of the timely filed objection of the undersigned creditor, Ernest S. Marshall.

3. On January 28, 2011, this Court sustained the objection of creditor, Ernest S. Marshall, to the debtors claim of exemption of assets identified under schedule as "back child support due from ex-husband".

4. It the understanding of undersigned creditor that, on January 31, 2011, (Docket No.30), the Trustee filed a Motion to Compel the turn over of the funds referenced back child support due from ex-husband. The Debtor has not appealed this Order.

5. Pursuant to Rule 4003(a) the Debtor is required to list property claimed as exempt under the code on a schedule of assets required to be filed by Rule 1007. No Extension of Time had been

1.

filed by the Debtor prior to the Court entering its Order on January 28, 2011, sustaining the objection of the undersigned creditor. Also, the Debtor did not file within ten (10) days after the entry of the Court's Order a Supplemental Schedule in the Chapter 7 proceedings, which the Debtor is now attempting to do, contrary to the code.

6. Additionally, Florida Statute 222.25(4) specifically states that the $4,000.00 exemption does not apply to a debt owed for child support or spousal support.

WHEREFORE, creditor, ERNEST S. MARSHALL, respectfully requests this Court to sustain this objection and to strike the Amended Schedule C to the debtors Chapter 7 proceeding for the reasons set forth in this objection and allow the Trustee to continue proceeding to have such back child support due from the ex-husband turned over to the Trustee for the benefit of creditors.

DATE, SIGNATURE AND CERTIFICATE OF SERVICE

Dated and Signed, the below date by the undersigned. I hereby certify that a true copy of the foregoing has been furnished by (U.S. Mail/~~FAX/Hand Delivery~~) to: Joseph B. Battaglia, Esquire, Attorney for Debtor, The Golden Law Group, 213 N. Parsons Ave., Brandon, Fl. 33510; Martha A. Kosky, Debtor, 137 Alpine Circle, Bradenton, Fl., 34208; Lauren P. Greene, Trustee, 13611 Park Boulevard, Suite H. Seminole, Fl., 33776, on this 21st day of March, 2011.

_____
ERNEST S. MARSHALL, Esq.
615 9th St. W.
Bradenton, Fl. 34205
941-746-2151
FAX: 941-747-9621
FBN: 094896

2.