UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

In Re:

MARTHA A. KOSKY,
Debtor.

_____/

Case No. 8:10-bk-02129-KRM
TAMPA DIVISION
Chapter 7 Case

## DEBTOR'S RESPONSE TO CREDITOR ERNEST S. MARSHALL'S OBJECTION TO CLAIMED EXEMPTIONS

COMES NOW, the debtor, MARTHA A. KOSKY, by and through her undersigned counsel, and hereby responds to ERNEST S. MARSHALL'S (hereinafter "Creditor") Objection to Claimed Exemptions, asking this Court to overrule the objection for the reasons stated below:

1. Debtor filed an amended "Schedule C" on February 15, 2011, claiming as exempt $4,000.00 worth of an asset scheduled as "Back Child Support due from Ex-Husband," pursuant to F.S.A. § 222.25(4).

2. As a matter of course, a schedule may be amended by the debtor at any time before the case is closed. Fed.R.Bank.P. 1009(a).

3. The property claimed as exempt by the debtor is exempt, unless a party in interest objects. *See* 11 U.S.C. § 522(l).

4. A party in interest may file an objection to a debtor's claim of exemptions within thirty (30) days after any amendment to the list or supplemental schedules is filed, otherwise the property claimed as exempt by the debtor is exempt. *See* 11 U.S.C. § 522(l), Fed.R.Bank.P. 4003(b)(1), *In Re Quillen*, 408 B.R. 601 (Bkrtcy. D.Md. 2009).

5. Creditor Ernest S. Marshall filed a document entitled "Objection by Party in Interest to Debtors' Claim of Super Exemption" on March 22, 2011, which was thirty-five (35) days after Debtor filed her amended Schedule C. *See* Doc 34.

6. Creditor Marshall had not sought an extension of time with which to file an objection.

7. As such, Creditor Marshall's Objection was not timely filed, pursuant to Fed.R.Bank.R.P. 4003(b)(1), and his objection should be stricken as untimely.

8. In the event that this Court determines that Creditor's objection was timely filed, Debtor requests that the Court overrule the objection for the reasons outlined below.

9. The objecting party has the burden of proving that the debtor's exemptions were improperly claimed. Fed.R.Bankr.P. 4003(c).

10. Creditor objects to Debtor's claim of exemption under F.S.A. § 222.25(4), incorrectly relying on language contained in statute which, "specifically states that the $4,000.00 exemption does not apply to a debt owed for child or spousal support." (Language quoted from ¶ 6 of Creditor's Objection).

11. Florida Statutes § 222.25 reads:

> Other individual property of natural persons exempt from legal process.—
> The following property is exempt from attachment, garnishment, or other legal process:
> (1) A debtor's interest, not to exceed $1,000 in value, in a single motor vehicle as defined in § 320.01.
> (2) A debtor's interest in any professionally prescribed health aids for the debtor or a dependent of the debtor.
> (3) A debtor's interest in a refund or a credit received or to be received, or the traceable deposits in a financial institution of a debtor's interest in a refund or credit, pursuant to § 32 of the Internal Revenue Code of 1986, as amended. **This exemption does not apply to a debt owed for child support or spousal support.**
> (4) A debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution. **This exemption does not apply to a debt owed for child support or spousal support.**

> F.S. § 222.25. [Bold formatting added for emphasis].

12. The language that Creditor Marshall incorrectly relies on in objecting to debtor's claim of

exemption does not operate as Creditor would lead this Court to believe.

13. Creditor, seemingly, objects under the belief that, because the asset is "child or spousal support," Debtor is not entitled to exempt that asset, using F.S. § 222.25(4).

14. Rather, a plain reading of F.S. § 222.25 shows that the "does not apply" language Creditor cites would prevent a debtor from exempting personal property from "attachment, garnishment, or other legal process,", when the *debt itself* which gives rise to the "attachment, garnishment, or other legal process" is a debt owed for "child or spousal support," and not when the *asset* claimed as exempt is for child or spousal support, as it is in this case.

15. This is further evidenced by the legislature's use of the same "does not apply" language in F.S. § 222.25(3), which serves to exempt a debtor's interest in his or her "Earned Income" federal tax credit.

16. As such, Creditor has not carried his burden, pursuant to Rule 4003(c), in proving that Debtor's exemptions were improperly claimed and Creditor's objection should be overruled.

WHEREFORE, for the reasons stated above, Debtor prays that this Honorable Court:

a) Strike Creditor's objection as untimely or overrule Creditor's objection, and

b) Order any further relief which this Court shall deem necessary or proper.

Respectfully submitted,

/s/ Joseph B. Battaglia
G. Donald Golden, Fla. Bar No.: 0137080
don@brandonlawyer.com
Joseph B. Battaglia, Fla. Bar No.: 0058199
joe@brandonlawyer.com
THE GOLDEN LAW GROUP
808 Oakfield Drive, Suite A

Brandon, Florida 33511
T: (813) 413-8700
F: (813) 413-8701
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Debtor's Response to Creditor's Objection to Claimed Exemptions has been provided via first class U.S. mail, postage prepaid, or electronically, to: Ernest S. Marshall, Esquire, 615 9th St W, Bradenton, FL 34205; Lauren P. Greene, Chapter 7 Trustee, 13611 Park Blvd, Ste H, Seminole, FL 33776; Office of the U.S. Trustee, Timberlake Annex, 501 E Polk St, Ste 1200, Tampa, FL 33602; and to Martha A. Kosky, 137 Alpine Circle, Bradenton, FL 34208; on this _29th_ day of March, 2011.

/s/ Joseph B. Battaglia
Joseph B. Battaglia, Esquire