UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:  Martha A. Kosky           Case No1.8:10-bk-02129-KRM
        137 Alpine Circle
        Bradenton,Fl. 34208

MOTION FOR NEW TRIAL AND RELIEF FROM ORDER
BY PARTY IN INTEREST AND CREDITOR

ERNEST S. MARSHALL is a party in interest and creditor in these proceedings of the above named debtor, and says:

1. This is a Motion for new trial pursuant to Rule 9023 and relief from Order under Rule 9024 from the Order entered by this court on April 20, 2011.

2. On April 12, 2011, this court heard the objection and supplement to the objection by this party in interest and creditor to the debtors claim of a super exemption. At this hearing, the court sustained the objection of creditor, Ernest S. Marshall, to the debtors claim of a super exemption of $4,000.00 because the debtor had claimed in both her original and amended Schedule "C", the benefits of homestead exemption under Section 4, Article X, of the Florida State Constitution. However, counsel for the debtor argued that this creditor had not timely filed his objection after the debtor had filed an amended Schedule "C", in that the creditor filed his objection approximately 35 days after the debtor served a copy of the proposed Amended Schedule "C" to the creditor, by mail. Accordingly, the court then overruled the objection to the debtor's claim of super exemption.

3. The argument of debtor's counsel that the objection filed by

1.

this creditor was untimely was erroneous and caused this court to mistakenly overrule the objection of the creditor.

4. In <u>both</u> the original and Amended Schedule "C", filed by the debtor in this case, the debtor claimed homestead property under Florida Constitution Article 10 Section 4 (a) (1). Also, in <u>both</u> the original and Amended Schedule "C", the debtor claimed the current value of back child support, in the amount of $13,424.00, before deducting any exemption.

5. In the <u>original Schedule "C"</u>, the debtor claimed the <u>full</u> $13,424.00, as exempt. This creditor timely filed an objection, which was sustained by the court an Order of January 28, 2011.

6. In the <u>Amended Schedule "C"</u>, this <u>same item</u> of back child support due from debtors ex-husband, has again been shown to be $13,424.00. However, the debtor has reduced this <u>same item</u> of back child support exemption from $13,424.00 down to $4,000.00, pursuant to Florida Statute 222.25 (4).

7. As a matter of law, Florida Statute 222.25 (4), specifically prohibits the debtor from claiming this $4,000.00 exemption. This statute specifically prohibits the debtor from claiming this exemption, since she has claimed the benefits of homestead exemption, under Section 4, Article X of the Florida State Constitution. Also, because the <u>same item</u>, shown on her original Schedule "C", and her Amended Schedule "C", is for the <u>same</u> child support. This statute specifically states that this exemption does not apply to a debt owed for child support or spousal support.

8. The case law clearly holds that property which cannot be claimed as exempt by state law, as a matter of law, does not be-

2.

come exempt simply because no one has filed a timely objection. To the contrary, a creditor, such as the creditor in this case, who allegedly failed to timely object to the debtors claim of exemption does not preclude the creditor from attacking the debtors right to such exemption. In Re: *Frazier*, 104 B.R. 255 (Bkrtcy. N.D. Cal. 1989); *In matter of Van Pelt*, 83 B.R. 617 (Bkrtcy. S.D. Iowa 1987). In the *Frazier* case, on page 257, the court stated that there is virtually universal agreement, that such property does not become exempt simply because no one files a timely objection, citing various cases, including the above cited *Van Pelt* case.

9. Accordingly, as a matter of law, the claim of exemption by the debtor, is *facially invalid* under the above cited Florida Statute because the debtor claimed homestead exemption, on her real property, and the fact that the back child support *item* on the original Schedule "C", and the Amended Schedule "C", are identical and relates to child support. In Re: *Indvik*, 23 C.B.C. 2nd 948 (B.Ct. N.D. Iowa 1990).

10. It is clear that the exemption claimed in Amended Schedule "C" is for the *same item* that was claimed by the debtor in her original Schedule "C". To allow this exemption would substantially prejudice the creditors in this case and violate the creditors due process of law rights under the Florida Statute in question, since the debtor chose not to appeal the Order of this court, sustaining the original objection of this creditor. *Matter of Williamson*, 804 F. 2nd 1353 (5th Cir. 1986).

11. Finally, the "issue of preclusion" precludes the debtor from re-litigating the same issue of a child support exemption claimed

in her original Schedule "C", by attempting to require the re-litigation of the same exemption, under her Amended Schedule "C", as explained above. The item and issue in both schedules is the same i.e. back child support; (1) The issue is identical to that involved in the prior litigation; (2) the issue of back child support was actually litigated in the prior objection of this creditor; (3) the issue was determined by a valid and final judgment that was not appealed; (4) the determination of the issue in the prior litigation was essential to the judgment in the earlier action; (5) the standard of proof in the prior litigation was at laeast as high as it would be in additional litigation. <u>Spilman v. Harley</u>, (1981, CA 6 Ohio) 656 F. 2d 224, 228, 24 CBC 463.

WHEREFORE, creditor, Ernest S. Marshall, respectfully requests this court to sustain his objection and to strike the amended Sche;dule "C", in the debtors Chapter 7 proceedings, for the reasons set forth in this Motion. Also, to vacate its order court over ruling this creditors second objection, and allow the trustee to continue proceeding to have such back child support, due from the debtors ex-husband, turned over to the trustee, for the benefit of creditors.

DATE, SIGNATURE AND CERTIFICATE OF SERVICE

Dated and Signed, the below date by the undersigned. I hereby certify that a true copy of the foregoing has been furnished by (U.S.. Mail/FAX/Hand-Delivery) to: Joseph B. Battaglia, Esq., Attorney for Debtor, The Golden Law Group, 213 N. Parsons Ave., Brandon, Fl. 33510; Martha A. Kosky, Debtor, 137 Alpine Circle, Bradenton,Fl. 34208; Lauren P. Greene, Trustee, 13611 Park Blvd., Suite H., Seminole,Fl., 33776, on this 22th day of April, 2011.

*Ernest S. Marshall*

Ernest S. Marshall,Esq.
615 9th St. W.
Bradenton,Fl. 34205
941-746-2151
FAX: 941-747-9621
FBN: 094896

4.